IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00293-F-1
No. 5:13-CV-00375-F

| | | |
|---|---|---|
| ANTJWAN VINCENTE JONES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-44] Antjwan Vincente Jones' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On October 5, 2011, Jones was charged in a two-count indictment. *See* Indictment [DE-1]. In Count One, Jones was charged with possession with intent to distribute a quantity of cocaine, a quantity of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Jones with possession with intent to distribute a quantity of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1).

Jones' arraignment was held on December 5, 2011. At his arraignment, pursuant to a written plea agreement [DE-22], Jones pled guilty to Counts One and Two.

On May 17, 2012, Jones was sentenced to 151 months' imprisonment on Count One and 151 months' imprisonment on Count Two. *See* Judgment [DE-30]. It was ordered that the sentences were to be served concurrently. Jones did not appeal his conviction or sentence.

Jones filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 [DE-36] on May 21, 2013. In his section 2255 motion, Jones argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel at sentencing when he failed to argue that the court should exercise its discretion to depart downwardly pursuant to U.S.S.G. § 5K2.23; (2) the court erred when it failed to consider that a downward departure may have been appropriate pursuant to U.S.S.G. § 5K2.23; (3) his attorney provided ineffective assistance of counsel at sentencing when he failed to argue for a downward departure pursuant to U.S.S.G. § 5K2.23 for the State convictions used to support the career offender enhancement; (4) the court erred when it failed to consider a downward departure pursuant to U.S.S.G. § 5K2.23 for the State convictions used to support the career offender enhancement; (5) his attorney provided ineffective assistance of counsel at sentencing when he failed to seek a downward departure pursuant to U.S.S.G. § 5K2.23 for his conviction in case number 10CRS220484; and (6) the court erred when it failed to consider that a downward departure pursuant to U.S.S.G. § 5K2.23 was appropriate for his conviction in case number 10CRS220484.

The Government has filed a Motion to Dismiss [DE-44]. In its Motion to Dismiss, the Government contends that dismissal of Jones' section 2255 motion is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that Jones has failed to state a claim upon which relief can be granted.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can

be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## Discussion

### I. Jones' First, Third, and Fifth Claims Fail to Sufficiently Allege Ineffective Assistance of Counsel.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that his counsel's inadequate performance

3

prejudiced him. *Id.* at 687. Therefore, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Jones' ineffective assistance of counsel claims in turn.

### A. Failed to move for downward departure regarding case numbers 07CRS37492 and 07CRS37495

In his first claim, Jones alleges that his attorney provided ineffective assistance of counsel at sentencing by failing to move for a downward departure pursuant to U.S.S.G. § 5K2.23.[1] [DE-36] at 4. Specifically, Jones argues that his attorney should have moved for a downward departure of eleven months for the time he served on a prior State conviction in case numbers 07CRS37492 and 07CRS37495. *Id.*

"[A] downward departure under § 5K2.23 is available only if the completed term of imprisonment was for a *related* offense that was a basis for an increase in offense level of the instant offense." *United States v. Medina*, No. 06-073-ML, 2010 WL 2731505, at *4 (D.R.I. July 9, 2010) (citing *United States v. Kornegay*, 410 F.3d 89, 99 (1st Cir. 2005)). Case number 07CRS37492 refers to a 2008 conviction for conspiracy to sell or deliver marijuana, and case

---

[1]U.S.S.G. § 5K2.23 provides:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

4

number 07CRS37495 refers to a 2008 conviction for conspiracy to sell or deliver cocaine.[2] PSR ¶ 12. The offense underlying case numbers 07CRS37492 and 07CRS37495 was committed on April 6, 2007. *Id.* The conduct at issue in the instant case occurred "[o]n or about August 26, 2010" and [o]n or about July 30, 2011." *See* Indictment [DE-1]. The court concludes that the cases are unrelated, and for this reason, Jones' attorney would not have been successful with a motion for a downward departure. Because the motion would have been meritless, Jones has failed to allege ineffective assistance of counsel. *See Moore v. United States*, 934 F. Supp 724, 731 (E.D.Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, Jones' first claim must fail.

### B. Failed to move for downward departure for convictions supporting career offender enhancement

Jones alleges in his third claim that his attorney provided ineffective assistance of counsel at sentencing by failing to move for a downward departure pursuant to U.S.S.G. § 5K2.23 for time served on the State convictions used to support his career offender enhancement. [DE-36] at 7.

A review of the record reveals that Jones was determined to be a career offender based on convictions in paragraphs 10 and 12 of his Presentence Report. PSR ¶ 44. Paragraph 10 references a 2004 conviction for assault with a deadly weapon-intent to kill and discharge of a weapon into occupied property. PSR ¶ 10. Paragraph 12 references a 2008 conviction for conspiracy to sell or deliver marijuana and conspiracy to sell or deliver cocaine. PSR ¶ 12.

Jones' 2004 conviction for assault with a deadly weapon-intent to kill and discharge of a

---

[2]Case numbers 07CRS37492 and 07CRS37495 were consolidated for disposition in Wake County Superior Court in Raleigh, North Carolina. PSR ¶ 12

weapon into occupied property and his 2008 conviction for conspiracy to sell or deliver marijuana and conspiracy to sell or deliver cocaine are unrelated to the offenses in the instant case. Thus, even if Jones' attorney had moved for a downward departure pursuant to U.S.S.G. § 5K2.23 on this basis, it would have been denied. Because the motion would have been meritless, Jones has failed to sufficiently allege ineffective assistance of counsel. *See Moore*, 934 F. Supp at 731 (holding that failure to raise a meritless argument can never amount to ineffective assistance). Accordingly, this claim must fail under *Strickland*.

### C. Failed to move for downward departure regarding case number 10CRS220484

In his fifth claim, Jones alleges that his attorney provided ineffective assistance of counsel at sentencing by failing to move for a downward departure pursuant to U.S.S.G. § 5K2.23 for his prior State conviction in case number 10CRS220484. [DE-36] at 10. Jones contends that he served nine months in prison for his conviction in case number 10CRS220484, and his attorney should have used this as the basis for an argument for downward departure pursuant to U.S.S.G. § 5K2.23. *Id.*

At Jones' May 17, 2012 sentencing hearing, the court ordered as follows:

> Pursuant to section 5G1.3(b), this sentence gives the defendant credit for nine months served in the North Carolina Department of Corrections for his conviction in Wake County, Raleigh, North Carolina.

*See* May 17, 2012 Sentencing Transcript [DE-50] at 9. Because the record reveals that Jones received credit for the nine months he spent in prison for his conviction in case number 10CRS220484, he has failed to sufficiently allege prejudice. Consequently, Jones' fifth claim lacks merit.

### II. Jones' Second, Fourth, and Sixth Claims are Procedurally Defaulted.

6

In his second claim, Jones contends that the court erred when it failed to consider that a downward departure may have been appropriate pursuant to U.S.S.G. § 5K2.23 for case numbers 07CRS37492 and 07CRS37495. [DE-36] at 5. Jones argues in his fourth claim that the court erred when it failed to consider a downward departure pursuant to U.S.S.G. § 5K2.23 for the State convictions used to support the career offender enhancement. *Id.* at 8. In his sixth claim, Jones contends that the court erred when it failed to consider a downward departure pursuant to U.S.S.G. § 5K2.23 based on the time he served in case number 10CRS220484. *Id.* at 11.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (citation and internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, a movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier,* 477 U.S. 478, 492 (1986); *Turner v. Jabe,* 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray,* 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623.

7

Jones concedes that he did not file a direct appeal in this case. [DE-36] at 6, 9-11. Jones has failed to allege that some objective factor external to the record prevented him from raising his second, fourth, and sixth claims on direct appeal. Additionally, Jones has not alleged that he is actually innocent. Accordingly, because Jones has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Jones' second, fourth, and sixth claims are procedurally defaulted.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-44] is ALLOWED, and Jones' § 2255 motion [DE-36] is DISMISSED. The court concludes that Jones has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _16_ day of December, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge